IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARIN DERAIL HARRIS, #939000,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-3548-M-BK |
| | § | |
| **WILLIAMS STEPHENS, Director TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 2000, Petitioner was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. *State v. Harris*, No. F99-43723 (194th Judicial District Court, Dallas County, Jun. 1, 2000), *aff'd*, No. 11-00-00230-CR, 2001 WL 34373334 (Tex. App, Eastland, Aug. 23, 2001, pet. ref'd). Petitioner unsuccessfully sought leave to file an original application for writ of habeas corpus with the Texas Court of Criminal Appeals (TCCA). *See Ex parte Harris*, No. WR-54,299-01 (Tex. Crim. App. Dec. 11, 2002) (denying leave to file).[1] He subsequently sought federal habeas relief, but his petitions were dismissed without prejudice for

---

[1] Petitioner filed a *Motion for Leave to File Petition for Writ of Habeas Corpus*, along with a state habeas application, under Tex. Code of Crim. Proc. Art. 11.07, requesting the TCCA to exercise "original jurisdiction" in light of the "extraordinary [nature of his] case." *Ex parte Harris*, No. WR-54,299-01, at 3-5.

failure to exhaust state court remedies. *See Harris v. Cockrell*, 3:03-CV-0163-L-BF, 2003 WL 21770835 (N.D. Tex. Jul. 16, 2003), *recommendation accepted*, 2003 WL 21946716 (N.D. Tex. Jul. 31, 2003), *certificate of appealability denied*, No. 03-10828 (5th Cir. Feb. 17, 2004); *Harris v. State of Texas*, No. 3:10-CV-2354-B-BD, 2010 WL 5579562 (N.D. Tex. Dec. 23, 2010), *recommendation accepted*, 2011 WL 121744 (N.D. Tex. Jan. 12, 2011). In 2012, Petitioner unsuccessfully sought state habeas relief. *See Ex Parte Harris*, No. WR-54,299-02 (Tex. Crim. App. Aug. 14, 2013) (denying state habeas application).[2] Subsequently, Petitioner filed this federal petition September 4, 2013. (Doc. 3 at 6-11).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). Petitioner was given an opportunity to respond regarding the one-year limitations period. (Doc. 11).

<u>Date Conviction Became Final and Statutory Tolling</u>

The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable here.[3]

---

[2] The dates listed were verified through information available on state court Internet web pages (Dallas County and TCCA) and the electronic state habeas court record obtained through the TCCA.

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds

Petitioner's conviction became final on April 9, 2002 -- ninety days after the TCCA refused his petition for discretionary review. See Sup. Ct. R. 13.1, 13.3; Clay v. United States, 537 U.S. 522, 528 n. 3 (2003). The one-year limitations period began running the next day, April 10, 2002, and expired one year later on April 9, 2003. Even tolling the limitations period during the pendency of Petitioner's motion for leave to file original application for writ of habeas corpus (for 33 days from November 8 until December 11, 2002), see 28 U.S.C. § 2244(d)(2), the one-year period would have expired on May 12, 2003. Moreover, Petitioner's first and second federal habeas petitions do not qualify for statutory tolling. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action). Likewise, Petitioner is not entitled to statutory tolling during the pendency of his state application, which was filed in December 2012. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).

Petitioner asserts the one-year statute of limitations does not apply to him because his first, timely section 2254 petition was dismissed without prejudice for failure to exhaust state court remedies. (Doc. 11 at 3). He "claims that once the AEDPA limitation [period] has been met on the first collateral attack, that it does not matter whether it be two, three, or four years after his original § 2254 writ of habeas corpus was dismissed for failure to exhaust state court remedies" before he returns to federal court. Id. His arguments, however, are unsupported and totally meritless. Relying on Mayle v. Felix, 545 U.S. 644 (2005), he argues that his federal petition "is merely a continuation of his 'first collateral attack' within the meaning of § 2244(d)" and, thus, that he should not be barred by limitations. (Doc. 11 at 3). Yet Mayle involved an

---

on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

amended habeas petition filed in a *pending* federal habeas proceeding after the limitations period had elapsed. 545 US at 649-50. Here, the Court dismissed Petitioner's prior federal habeas actions as unexhausted. As such, his current federal petition, filed after he exhausted his state court remedies, commenced a *new* habeas proceeding and, thus, the rule that pleading amendments relate back to the filing date of the original pleading under FED. RULE CIV. PROC. 15(c)(2) is inapplicable.

Likewise, insofar as Petitioner asserts the one-year period began in August 2013, at the conclusion of his state post-conviction proceeding when he finally exhausted his state court remedies, his assertion is baseless. The AEDPA one-year period commences upon the conclusion of direct review of a judgment of conviction, or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the limitations period is suspended while state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the Fifth Circuit, as well as every other circuit court that has construed section 2244(d), has interpreted it in this way.

Therefore, the federal petition, deemed filed as of August 29, 2013 -- over eleven years after Petitioner's state conviction first became final -- is time barred absent equitable tolling.[4]

Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, ___ 130 S. Ct.

---

[4] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes the federal petition filed on August 29, 2013. (Doc. 3 at 14).

2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

     Petitioner has not shown extraordinary circumstances beyond his control that made it impossible to file the federal petition on time. The filing of the first federal petition and its dismissal for failure to exhaust state remedies do not qualify as such circumstances. Petitioner chose to file his first federal petition in 2003 before properly exhausting his state court remedies.[5] Moreover, nothing occurred during the pendency of that federal petition to warrant application of equitable tolling.[6] See Murphy v. Thaler, No. 3:09-CV-2132-M-BH, 2010 WL 183975 *4 (N.D. Tex. Jan. 19, 2010) (no equitable tolling for prematurely filed 2254 federal petition, which was dismissed without prejudice for failure to exhaust state remedies); Carter v. Dretke, No. 3:02CV1845P, 2005 WL 491528 *3-4 (N.D. Tex. Mar. 2, 2005), *recommendation accepted*, 2005 WL 1025965 (N.D. Tex. Apr. 28, 2005) (same). In addition, even if the Court were persuaded to grant some equitable tolling for the improvidently filed initial federal petition, petitioner has exercised insufficient diligence to warrant <u>additional</u> equitable tolling. *See* Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas

---

[5] Whether petitioner knew the legal ramifications of such filing is immaterial. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000).

[6] The first federal petition was resolved within six months of its filing, well below the national average of 268 days to resolve habeas actions on procedural grounds. See Duncan, 533 U.S. at 184 (Stevens, J., concurring) (noting the 268-day average).

"process with diligence and alacrity"). As is germane here, Petitioner filed a second, unexhausted federal petition in 2010, and delayed until December 2012 (eight and one-half years after the dismissal of the first federal petition) to file his state petition and exhaust his state remedies.

Petitioner contends that when a federal habeas petition "is dismissed for failure to exhaust state court remidies [sic], that petitioner can go back and exhaust those remidies [sic], and [then] come back to the Federal Court." (Doc. 3 at 13). However, the one-year federal limitations period continues to apply and Petitioner has provided no explanation for the lengthy delays in his case. (Doc. 11 at 3-5). Indeed, unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*,

294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED December 26, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE